```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

TARIK LONZY DIXON, AS ADMINISTRATOR
OF THE GOODS, CHATTELS, AND CREDITS
OF HALIMAH ALI, DECEASED,                      MEMORANDUM & ORDER
                                               20-CV-4660 (EK)(VMS)
                    Plaintiff,


          -against-

UNITED STATES OF AMERICA, MOSUMI
MAJUMDER, M.D., et al.,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Tarik Dixon, administrator of the estate of Halimah Ali, seeks leave to file a Second Amended Complaint in this medical malpractice action. Dixon filed his original complaint in September of 2020 and amended it in August of 2021. The operative complaint alleges that two hospitals (including one operated by the United States government) negligently failed to diagnose and treat Ms. Ali's pheochromocytoma (adrenal gland tumor) — a failure that led to her untimely death.

Since then, discovery has been conducted fully and closed. The defendants' summary judgment motions are due February 16, 2024. Dixon sought leave to amend at a pre-motion conference concerning summary judgment briefing. The United

States opposed such leave, but the other defendants have taken no position.

A court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend may be denied in cases of, among other things, "futility" and "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The federal government invokes both of those bases here.

### A. Futility

Dixon proposes to amend his complaint to "provide further facts in order to clarify the causation between the allegations of liability and the decedent's death." Pl.'s Letter 2, ECF No. 56. The government objects, first, that several of the proposed amendments would be futile. *See* Gov't Letter 2, ECF No. 59. Leave to amend will not be denied on grounds of futility, as that analysis would entail much of the same consideration called for by the forthcoming motions for summary judgment themselves. Accordingly, the bulk of the plaintiff's proposed amendments will be permitted.

### B. Prejudice

The government also opposes one proposed addition on a different basis: that allowing the new allegation would be unduly prejudicial because it would substantially alter the defense theory of liability at too late a stage in these

proceedings. See Gov't Letter 2. This proposed addition would be to Paragraph 73 of the proposed Second Amended Complaint ("SAC"), ECF No. 56-1, which alleges generally that the government's negligence proximately caused Ali's death.

The proposed addition would follow a new statement concerning the government's "deviation from the standard of good and accepted medical practice." SAC ¶ 73. It would read: "This [deviation] is further conveyed by the fact that a cardiologist at USA's ADDABBO HEALTH CENTER misdiagnosed [Ali's] pheochromocytoma as 'likely related to her pregnancy at the time.'" Id. The cardiologist referred to is apparently Dr. Gagandeep Singh. See Gov't Letter 2.

The government argues that the allegation that the government is "liable . . . based on" cardiologist Dr. Singh's misdiagnosis is new, and a fundamental deviation from the theory of the case alleged and presented to date. Gov't Letter 2. Dr. Singh saw Ms. Ali for the first time in February of 2018. SAC ¶ 58. As the government points out, the plaintiff's first two complaints did not invoke Dr. Singh's treatment of the plaintiff *at all*; moreover, they spoke to a course of negligent conduct for which the latest date included in the operative complaint was January 18, 2018 — weeks before Ali saw Dr. Singh. Am. Compl. ¶¶ 29-30, ECF No. 16. Despite these differences, the new Paragraph 73 would go on to allege that Dr. Singh's negligent

3

failure to diagnose the pheochromocytoma was a "proximate cause of the decedent's deteriorating health and eventual death." *Id.* ¶ 73.

A court considering such a late change must "balance[] the length of the delay against the resulting prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983).[1] "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.*

A district court "plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). The court need not allow an amendment that would impose on a defendant "time and expense to respond to a claim that should have" already "been before the court." *Farricker v. Penson Dev., Inc.*, 513 F. App'x 46, 48 (2d Cir. 2013).

In *Johnson v. Methodist Med. Ctr. of Ill.*, the Seventh Circuit affirmed the denial of leave to amend sought "four years after commencement of the action." 10 F.3d 1300, 1302 (7th Cir. 1993). Leave was sought there, as here, to overcome a post-

---

[1] Unless otherwise noted, when quoting judicial decisions, this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

discovery motion for summary judgment. *Id.* The court of appeals observed that the amendment would "bring in additional actors" — agents of the defendant hospital — "who took alleged actions (or inactions) that are distinct from the allegations raised in the [current] complaint." *Id.* at 1304. The court also noted that the plaintiff had not sought leave to amend promptly upon learning the other hospital agents' identities. *See id.* In the end, the court found undue prejudice in "the proposed complaint['s] attempt[] to add a whole new theory of the case four years after this action was commenced, with no explanation as to why amendment did not take place sooner." *Id.*

For the same reasons, leave to amend is denied in part here. This case is in its fifth calendar year. The plaintiff has not satisfactorily explained why Dr. Singh's role in the government's alleged negligence could not have been pled until this late date — particularly given that the plaintiff deposed Dr. Singh on August 31, 2022, months before the close of discovery. Thus, to allow Dixon to assert at this late stage that his malpractice theory encompasses Dr. Singh's conduct would be unduly prejudicial.

The government "does not anticipate that discovery w[ould] need to be reopened" if leave to amend were granted in full. Gov't Letter 2. The need for additional discovery is a possible source of prejudice. *See, e.g.*, *Johnson*, 10 F.3d at

5

1304. But it is not the only source of prejudice from a belated amendment "adding a whole new theory of the case." *See id.* Indeed, the Second Circuit in *Creswell*, *supra*, affirmed the denial of leave as unduly prejudicial despite the fact that the district court did not explicitly consider whether discovery needed to be reopened. *See Cresswell*, 922 F.2d 60, 72 (2d Cir. 1990); *see also Cresswell v. Sullivan & Cromwell*, 704 F. Supp. 392, 411 (S.D.N.Y. 1989), *aff'd in part, vacated in part*, 922 F.2d 60 (2d Cir. 1990). In *Farricker*, *supra*, the Second Circuit affirmed a district court's denial of leave to amend based on undue prejudice two years *before* the close of discovery. *See* 513 F. App'x at 48; *see generally* Docket, *Farricker v. Penson Dev., Inc.*, No. 07-CV-11191 (S.D.N.Y.).

Accordingly, leave to amend is granted in part and denied in part. By January 22, 2024, the plaintiff shall file a Second Amended Complaint that reflects the proposed pleading, but strikes the third sentence of paragraph 73 ("This is further conveyed by the fact that a cardiologist at USA's ADDABBO HEALTH

CENTER misdiagnosed the pheochromocytoma as 'likely related to her pregnancy at the time.'").

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   January 19, 2024
         Brooklyn, New York

7